James Howard SANDERS, II, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 03–98–00481–CR, 03–98–00482–CR.

Court of Appeals of Texas, Austin.

Sept. 10, 1999.

---

Keith S. Hampton, Austin, for Appellant.

Ken Anderson, Dist. Atty., Georgetown, for State.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

MACK KIDD, Justice.

After hearing his pleas of guilty, a jury found appellant James Howard Sanders, II, guilty of robbery and aggravated robbery. *See* Tex. Penal Code Ann. §§ 29.02, .03 (West 1994). The jury assessed punishment for these offenses at imprisonment for twenty years and sixty years respectively, together with a $10,000 fine in each cause. By a single point of error, appellant contends the district court erred by refusing to consider a juror's affidavit attached to his amended motion for new trial. We will affirm.

■ Appellant filed motions and amended motions for new trial complaining of jury misconduct. *See* Tex.R.App. P. 21.3(g). The original motion urged that the jurors violated that portion of the statutory instructions on the law of parole admonishing them not to consider the manner in which the parole law may be applied to the particular defendant. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp.1999). The amended motion added that the jurors were confused by the instructions and assessed punishment based on a mistaken belief as to when appellant would become eligible for parole. Attached to the amended motion was the affidavit of juror Carol Medford. Referring to the aggravated robbery conviction, Medford stated that "[s]ome jurors" believed that appellant "could be released for time-off for good behavior," that "the general consensus was that he could serve less than 30 years imprisonment, and that a sentence of less than 30 years was anticipated by a majority of the jurors." We understand Medford's affidavit to say that the jurors agreed to the sixty-year sentence in the belief that appellant would serve less than thirty years of it.

In response to appellant's motions, the prosecutor wrote a letter to the district court asserting that Medford's affidavit was inadmissible under the terms of Texas Rule of Evidence 606(b). Rule 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

The State reurged the inadmissibility of Medford's affidavit during arguments before the court as to whether appellant was entitled to a hearing on his motions for new trial. After considering Medford's affidavit in light of the parties' arguments, the district court overruled the new trial motions. It is clear from the record that

the court's ruling was predicated on a holding that under rule 606(b), Medford's affidavit was not admissible to attack the validity of the jury's verdict.

Rule 606(b) became effective March 1, 1998, with the adoption of the new, consolidated rules of evidence. The rule represents a significant departure from previous Texas criminal practice.

> Former Criminal Rule 606(b) permitted jurors to testify as to anything relevant to the validity of a verdict or indictment. The former rule thus placed no independent limitation on a juror's ability to testify. *See Buentello v. State,* 826 S.W.2d 610 (Tex.Crim.App.1992). New Rule 606(b) dramatically restricts a juror's ability to testify. The rule in criminal cases is now the same as in civil cases: Jurors may testify only as to whether any outside influence was improperly brought to bear upon a juror or to rebut a claim that a juror was not qualified to serve.

2A Steven Goode, Olin Guy Wellborn III, & M. Michael Sharlot, *Courtroom Handbook on Texas Evidence,* Rule 606(b), at 366 (Texas Practice 1999).

> The 1998 version of Rule 606(b) apparently wipes out *Buentello,* and all of its progeny. Henceforth, the same rule that has applied to offering the testimony or affidavits of jurors in Texas civil cases will apply to criminal cases.... This is a dramatic change in criminal proceedings.... The new rule is a vast improvement over the former Criminal Rule 606(b) which threw open the door of the jury room too widely, but it remains to be seen whether the revised Rule 606(b) has closed shut the jury deliberation room too firmly in criminal cases.

Cathleen C. Herasimchuk, *Texas Rules of Evidence Handbook,* Rule 606(b), at 558–59 (3d ed.1998).[1] Appellant does not dispute that Medford's affidavit is inadmissible for the purpose of attacking the validity of the jury's verdict under the express terms of rule 606(b).

Appellant argues that we should not apply rule 606(b) as written because to do so would cause the rule to conflict with appellate rule 21.3. Rule 21.3 lists the mandatory grounds for new trial in criminal cases, several of which deal with the conduct of the jury during deliberations. *See* Tex. R.App. P. 21.3(c), (d), (f), (g). Appellant asserts that it would be "anomalous if not absurd" for the court of criminal appeals to enact rules of appellate procedure establishing grounds for a new trial, but then enact rules of evidence precluding proof of such grounds.

Appellant's argument overstates the alleged conflict between appellate rule 21.3 and evidence rule 606(b). Rule 606(b) does not purport to redefine juror misconduct, nor does it alter the grounds for obtaining a new trial in criminal cases. By generally prohibiting jurors from testifying as to matters and statements occurring during deliberations, rule 606(b) unquestionably makes proving jury misconduct in criminal trials more difficult than it was under prior rules. But the rule does not preclude proof of jury misconduct by other means, such as through the testimony of a nonjuror with personal knowledge of the misconduct. *See Mayo v. State,* 708 S.W.2d 854, 856 (Tex.Crim.App.1986) (witness permitted to testify regarding telephone conversation with juror).

■ Rule 606(b) "attempt[s] to strike an appropriate balance between ... the desire to rectify verdicts tainted by irregularities in the deliberative process ... [and] the desire to protect jurors and promote the finality of judgments." 1 Steven Goode, Olin Guy Wellborn III, & M. Michael Sharlot, *Texas Rules of Evidence:*

---

1. In *Porter v. State,* 969 S.W.2d 60, 67 n. 3 (Tex.App.—Austin 1998, pet. ref'd), this Court remarked in a footnote that rule 606(b) "contains no substantial changes" from former criminal evidence rule 606(b). That statement was dicta and, in retrospect, did not fully appreciate the impact of the new rule.

*Civil and Criminal* § 606.2, at 535 (Texas Practice 2d ed.1993). The limitation on juror testimony in post-trial proceedings is intended to encourage open discussion among jurors during deliberations, to promote the finality of judgments, and to protect jurors from harassment by unhappy litigants seeking grounds for a new trial. *See id.* at 535–36; *and see Tanner v. United States,* 483 U.S. 107, 120–21, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (post-verdict scrutiny of juror conduct disrupts finality of process and undermines full and frank discussion in jury room); *Soliz v. Saenz,* 779 S.W.2d 929, 934 (Tex.App.—Corpus Christi 1989, writ denied) (rule 606(b) promotes full discussion during deliberations and reduces juror harassment). While reasonable persons might disagree with the balance struck by rule 606(b), or oppose its application to criminal cases, we cannot say that it is absurd to apply rule 606(b) as written.

■ Appellant argues that prohibiting testimony regarding jury misconduct conflicts with his constitutional right to a fair and impartial jury under the United States and Texas constitutions. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 15. This contention has been rejected in both federal and state courts. In *Tanner,* for example, defendants convicted of conspiring to defraud the government sought a new trial on the ground that members of the jury were intoxicated during trial. The district court refused to hold an evidentiary hearing to take testimony from jurors, citing Federal Rule of Evidence 606(b) from which the Texas rule is derived. The Supreme Court affirmed, holding that the court's ruling did not violate the defendants' Sixth Amendment rights. 483 U.S. at 126–27, 107 S.Ct. 2739. In *Soliz,* the plaintiffs in a wrongful death action sought a new trial alleging various acts of jury misconduct. The district court refused to permit jury members to testify at the new trial hearing regarding alleged improper statements made by jurors during deliberations. The court of appeals affirmed, rejecting the argument that rule 606(b) denied the plaintiffs their right to a fair and impartial jury trial as guaranteed by the Texas Constitution. 779 S.W.2d at 934–35.

Appellant refers us to the opinion in *Jackson v. Golden Eagle Archery, Inc.,* 974 S.W.2d 952 (Tex.App.—Beaumont 1998, pet. granted). In that case, the court of appeals held that Texas Rule of Civil Procedure 327(b), which is similar to rule 606(b), violated the Texas Constitution's guarantee of a fair and impartial jury to the extent it prohibited testimony by jurors regarding undisclosed bias and prejudice on the part of other jurors. *Id.* at 958. Whatever the merits of this holding, it clearly does not apply to the cause before us.

The district court correctly held that Medford's affidavit was inadmissible under rule 606(b). The point of error is overruled and the judgments of conviction are affirmed.