TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00602-CR







Eugene Ellison, Jr., Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-262, HONORABLE CHARLES A. RAMSAY, JUDGE PRESIDING







 A jury found appellant guilty of three counts of deadly conduct and assessed
punishment for each count at imprisonment for five years and a $5000 fine. See Tex. Penal Code
Ann. § 22.05(b)(1) (West 1994). Appellant contends that the district court erred by (1) denying
his motion for a new trial based on jury misconduct and (2) denying his motion to suppress
evidence seized as the result of an illegal arrest. We affirm the conviction.

 Around midnight on November 27, 1997, three Caldwell County deputy sheriffs
responded to a domestic disturbance call from Lola Miller, who claimed that Ike Johnson was
after her. Upon arriving at Miller's house, the officers learned that Johnson had left, but one of
the deputies spotted Johnson on appellant's property talking with two other men. The officers
identified themselves and announced that they had an arrest warrant for Johnson.

 Johnson ignored the officers' command to stop and walked onto the porch of
appellant's residence. An officer followed and handcuffed Johnson. Appellant and his wife told
the officers that they had no right to be on their property and that they were "going to shoot and
kill" the officers. As the officers were leaving, appellant yelled obscenities at one of the officers
and threatened to shoot him.

 The officers escorted Johnson off the property. When one officer was
approximately seventy-five yards from the porch, he heard five gunshots. The officer testified
that the first two shots sounded as though they came from a shotgun, while the others sounded like
they were fired from a pistol or rifle. Another officer was hit by a pellet from a shotgun when
he was about thirty yards from the house. The officers did not return fire but retreated and
contacted the Chief Deputy. Acting under his direction, the officers set up a perimeter around
appellant's home to secure the scene. The Travis County SWAT unit was called. The SWAT
unit arrived between 3:00 a.m. and 4:00 a.m. but did not immediately move in. Appellant's
house was kept under surveillance the rest of the night.

 During the perimeter surveillance, appellant was observed outside the residence,
holding an object that appeared to be a rifle or a shotgun. An officer testified that during the
surveillance, appellant stated that he "didn't care who came up to the house. He would kill them
all. He didn't care if they were deputies, Ike Johnson or who--he didn't care who they were, that
that was his house and he could shoot or kill them if he wanted to."

 Around 7:00 a.m., the SWAT unit ordered all persons out of appellant's home. 
Appellant and two other men were handcuffed. Appellant stated that he was the one the police
were looking for because he was the shooter. Appellant claimed that he had been shooting "at
an owl"; then he said he had been shooting at Johnson. Appellant told the officers where the
shotgun was and gave the officers permission to retrieve the shotgun from the house. The
shotgun, three live shotgun shells, a spent shotgun shell, and a bullet found in the driveway were
introduced into evidence. Appellant testified that he had fired both the shotgun and the pistol but
claimed that he thought the officers were already gone when he fired because they were "nowhere
in sight."

 We will address appellant's second issue first. Appellant contends that the trial
court erred by denying his motion to suppress evidence, including the shotgun and his
incriminating statements. In a motion to suppress, the trial court is the sole judge of the
credibility and weight of the evidence. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990). Absent a showing of an abuse of discretion, the findings of the trial court should not
be disturbed on appeal. See Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).

 Appellant's motion was based on his assertion that the warrantless arrest was
illegal. Appellant does not dispute that the officers had probable cause to arrest him; rather, the
point of contention concerns the timing of the arrest. Appellant argues that an illegal arrest
occurred when the SWAT team ordered him out of his home or, alternatively, when he came out
of his house and was handcuffed. The State contends that an investigative detention took place
in which three males, including appellant, were handcuffed, and that a legal arrest occurred after
appellant identified himself as the shooter.

 An investigative detention is justified when a police officer has a reasonable
suspicion, based upon articulable facts, that some activity out of the ordinary has occurred that
is related to crime. See Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). At the
conclusion of an investigative detention, a formal arrest of the suspect can be made by a peace
officer if: (1) probable cause exists for the arrest, and (2) one of the Texas statutory exceptions
to arrest by warrant is established. See Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim. App.
1989); Tex. Code Crim. Proc. Ann. arts. 14.01-.04 (West 1977 & Supp. 2000). Article 14.01(b)
provides: "A peace officer may arrest an offender without a warrant for any offense committed
in his presence or within his view."

 In lawfully effecting an arrest without a warrant, a peace officer is justified in
adopting all the measures that he might adopt in cases of arrest with a warrant, with certain
exceptions. See Tex. Code Crim. Proc. Ann. art. 14.05 (West Supp. 2000). The peace officer
may not enter the suspect's residence unless consent is first obtained or exigent circumstances
exist. See id. Exigent circumstances may include the need to protect police officers or citizens
from danger, an increased likelihood of apprehending a suspect, or the possible removal or
destruction of evidence. See McNairy v. State, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991).

 During an investigative detention or lawful arrest, the oral and volunteered
admissions of the suspect, not given in response to interrogation by police officers, are admissible
at trial as an exception to the Texas confession statute. See Earnhart v. State, 582 S.W.2d 444,
448 (Tex. Crim. App. 1979); Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West 1979). 
Additionally, any oral statement made by the suspect during a custodial interrogation, which is
found to be true and leads to the recovery of the crime instrument by police, is admissible as an
exception to the confession statute. See Port v. State, 791 S.W.2d 103, 106 (Tex. Crim. App.
1990); Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c) (West 1979).

 We hold that the trial court did not abuse its discretion in denying appellant's
motion to suppress. The officers, based upon gun shots being fired in their direction, a pellet
hitting one officer, and threats made by the appellant, had a reasonable suspicion that a crime had
occurred. Appellant does not dispute that the officers had probable cause to arrest him. Since
the crime was committed in the presence of the officers, a statutory exception to the necessity of
an arrest warrant was established once appellant voluntarily identified himself as the shooter.

 A dispute exists as to whether the SWAT team's order to exit the residence
constituted an entrance of the residence by the officers. Even if it did, exigent circumstances
existed which made it lawful for them to do so. Considering that firearms were known to be
present in the home and shots had been fired from the home, the officers could have reasonably
believed that they needed to protect themselves. Therefore, we determine that the arrest was
lawful.

 Appellant's statements admitting that he was the shooter were all made voluntarily
and without prompting by the police officers. Appellant voluntarily gave permission for the
officers to enter his home and retrieve the shotgun, even telling them where he had hidden it. The
tangible evidence seized by the police and the statements made by appellant were properly
admitted at trial. Therefore, appellant's second issue is overruled.

 In his first issue on appeal, appellant argues that the trial court erred in overruling
his motion for a new trial based upon jury misconduct. At a hearing on appellant's motion for
a new trial, two jurors testified that probation had been discussed during the jury's deliberations
at the guilt stage. One juror stated that she would have voted "not guilty" had she known that
appellant would not be eligible for probation. The State timely objected to the admission of the
jurors' testimony. The trial court admitted the testimony but overruled appellant's motion for a
new trial, and this appeal ensued. The State did not cross-appeal.

 Appellant asserts that the jurors' testimony was sufficient evidence from which the
trial court should have found jury misconduct and granted a new trial. The State contends that
the jurors' testimony was admitted erroneously and, in any event, that the testimony did not
amount to jury misconduct. Appellant argues that regardless of the State's objection to the
testimony at the hearing, the State's failure to cross-appeal prevented it from preserving error on
the admissibility of the jurors' testimony. We disagree.

 The State's argument that the jurors' testimony was inadmissible under Texas Rule
of Evidence 606(b) is in response to appellant's assertion that the trial court erred in not granting
his motion for new trial. The State's objection based on rule 606(b) at the hearing on the motion
for new trial preserved the question of the applicability of rule 606(b). See Bader v. State, 777
S.W.2d 178, 181 (Tex. App.--Corpus Christi 1989, no pet.). Furthermore, appellant's brief
makes clear that appellant anticipated the State would make the same rule 606(b) argument on
appeal as it did at the hearing on appellant's motion for a new trial.

 Rule 606(b) provides:

Competency of Juror as a Witness


(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the
validity of a verdict or indictment, a juror may not testify as to any matter or
statement occurring during the jury's deliberations, or to the effect of anything
on any juror's mind or emotions or mental processes, as influencing any
juror's assent to or dissent from the verdict or indictment. Nor may a juror's
affidavit or any statement by a juror concerning any matter about which the
juror would be precluded from testifying be admitted in evidence for any of
these purposes. However, a juror may testify: (1) whether any outside
influence was improperly brought to bear upon any juror; or (2) to rebut a
claim that the juror was not qualified to serve.



Tex. R. Evid. 606(b). Thus, jurors may testify only as to whether any outside influence was
improperly brought to bear upon a juror or to rebut a claim that a juror was not qualified to serve. 
See Steven Goode, Olin Guy Wellborn III, M. Michael Sharlot, Courtroom Handbook on Texas
Evidence, Rule 606(b) (1999 ed.); Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook,
Rule 606(b) (3d ed. 1998). The former rule placed no independent limitation on a juror's ability
to testify. See Buentello v. State, 826 S.W.2d 610, 612-13 (Tex. Crim. App. 1992).

 Appellant contends that we should not apply rule 606(b) as written because to do
so would cause the rule to conflict with appellate rule 21.3. Rule 21.3 lists the mandatory
grounds for new trial in criminal cases, several of which deal with the conduct of the jury during
deliberations. See Tex. R. App. P. 21.3(c), (d), (f), (g). Appellant asserts that "common sense"
dictates that if the court of criminal appeals has enacted rules of appellate procedure establishing
grounds for a new trial, then it would be "unfair" if the rules of evidence precluded proof of such
grounds.

 Appellant's argument overstates the alleged conflict between appellate rule 21.3 and
rule of evidence 606(b). Rule 606(b) does not purport to redefine juror misconduct, nor does it
alter the grounds for obtaining a new trial in criminal cases. See Sanders v. State, 1 S.W.3d 885,
887 (Tex. App.--Austin 1999, no pet.). By generally prohibiting jurors from testifying as to
matters and statements occurring during deliberations, rule 606(b) unquestionably makes proving
jury misconduct in criminal trials more difficult than under prior rules. See id. But the rule does
not preclude proof of jury misconduct by other means, such as through the testimony of a
nonjuror with personal knowledge of the misconduct. See id. (citing Mayo v. State, 708 S.W.2d
854, 856 (Tex. Crim. App. 1986)) (witness permitted to testify regarding telephone conversation
with juror). In addition, appellate rule 21.3 still dictates whether a matter is relevant to the
validity of a verdict or indictment. See Reyes v. State, 849 S.W.2d 812, 813-15 (Tex. Crim. App.
1993). 

 Even if the jurors' testimony was admissible, the trial court did not abuse its
discretion in finding that the evidence failed to establish jury misconduct. It is well established
that the grant or denial of a motion for new trial lies within the discretion of the trial court. See
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). We do not substitute our judgment for
that of the trial court but rather decide whether the trial court's decision was arbitrary or
unreasonable. See id.

 Not every conversation regarding a punishment issue during guilt phase deliberation
entitles the accused to a new trial. See Daniels v. State, 600 S.W.2d 813, 816 (Tex. Crim. App.
1980). In order to establish jury misconduct, appellant must show that an actual agreement was
reached among the jury for a lenient punishment verdict in exchange for a finding of guilt. See
Vorwerk v. State, 735 S.W.2d 672, 674 (Tex. App.--Austin 1987, pet. ref'd). At most, the
testimony by the two jurors in support of appellant's motion for mistrial establishes mere
conversations among the jurors of punishment issues. A careful review of the record does not
support appellant's contention that the guilty verdict was the result of an agreement among the
jurors for a conviction in exchange for a lenient sentence at the punishment phase. Appellant's
first issue is overruled.

 The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 6, 2000

Do Not Publish



1) whether any outside
influence was improperly brought to bear upon any juror; or (2) to rebut a
claim that the juror was not qualified to serve.



Tex. R. Evid. 606(b). Thus, jurors may testify only as to whether any outside influence was
improperly brought to bear upon a juror or to rebut a claim that a juror was not qualified to serve. 
See Steven Goode, Olin Guy Wellborn III, M. Michael Sharlot, Courtroom Handbook on Texas
Evidence, Rule 606(b) (1999 ed.); Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook,
Rule 606(b) (3d ed. 1998). The former rule placed no independent limitation on a juror's ability
to testify. See Buentello v. State, 826 S.W.2d 610, 612-13 (Tex. Crim. App. 1992).

 Appellant contends that we should not apply rule 606(b) as written because to do
so would cause the rule to conflict with appellate rule 21.3. Rule 21.3 lists the mandatory
grounds for new trial in criminal cases, several of which deal with the conduct of the jury during
deliberations. See Tex. R. App. P. 21.3(c), (d), (f), (g). Appellant asserts that "common sense"
dictates that if the court of criminal appeals has enacted rules of appellate procedure establishing
grounds for a new trial, then it would be "unfair" if the rules of evidence precluded proof of such
grounds.

 Appellant's argument overstates the alleged conflict between appellate rule 21.3 and
rule of evidence 606(b). Rule 606(b) does not purport to redefine juror misconduct, nor does it
alter the grounds for obtaining a new trial in criminal cases. See Sanders v. State, 1 S.W.3d 885,
887 (Tex. App.--Austin 1999, no pet.). By generally prohibiting jurors from testifying as to
matters and statements occurring during deliberations, rule 606(b) unquestionably makes proving
jury misconduct in criminal trials more difficult than under prior rules. See id. But the rule does
not preclude proof of jury misconduct by other means, such as through the testimony of a
nonjuror with personal knowledge of the misconduct. See id. (citing Mayo v. State, 708 S.W.2d
854, 856 (Tex. Crim. App. 1986)) (witness permitted to testify regarding telephone conversation
with juror). In addition, appellate rule 21.3 still dictates whether a matter is relevant to the
validity of a verdict or indictment. See Reyes v. St