**Rodney HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00736–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 6, 2000.

Rehearing Overruled April 27, 2000.

Robert A. Morrow, Houston, for appellants.

Barbara Anne Drumheller, Houston, for appellees.

Panel consists of Justices SEARS, DRAUGHN, and HUTSON–DUNN.*

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Rodney Hicks appeals his conviction for sexual assault of a child. TEX. PEN.CODE ANN. § 22.011(a)(2)(A) (Vernon 1994 & Supp.2000). The jury assessed his punishment at 25 years imprisonment, enhanced by two prior felony convictions. In four points of error, appellant contends: (1) Rule 606(b), Texas Rules of Evidence, is unconstitutional; (2) Section 22.011(a)(2), Texas Penal Code, is unconstitutional; (3) the trial court erred in informing jurors at voir dire that appellant had prior convictions; and (4) his 25–year sentence is unconstitutional as violating the Eighth Amendment to the United States Constitution. We affirm.

Appellant was tried June 16, 1998, for the sexual assault of T. L., a female child under the age of seventeen years. T.L. testified she had a sexual relationship with appellant when she was fourteen years of age. She initially lied about her age, but later told appellant the truth. Appellant continued to have sex with T.L. after he learned she was only fourteen. Soon after she commenced sexual relations with appellant, T.L. became pregnant. DNA analysis indicated there was a 99.86% probability that appellant is the father of T. L.'s child. Appellant did not put on any evidence to refute T. L.'s testimony.

In his first point of error, appellant contends the amended version of rule 606(b), Texas Rules of Evidence, which became effective March 1, 1998, should be declared unconstitutional because: (1) it conflicts with his Sixth Amendment right to effective assistance of counsel; (2) it conflicts with his rights to due process and due course of law; and (3) it conflicts with the substantive rights for a motion for new

trial under rule 21, Texas Rules of Appellate procedure.

Appellant filed a motion for new trial alleging jury misconduct as grounds. He attached the affidavit of Juror Anella Coleman in support of his motion. In her affidavit, Ms. Coleman stated she was told by the foreman and other jurors that if they did not reach a verdict on punishment, the Judge would make the decision and appellant would get more time. She also said she would not have agreed to appellant's punishment if she had known that a mistrial would result, and that the Judge would not be assessing a harder punishment. She stated the jury voted "guilty" because they did not want the Judge to give him a longer sentence. She also said she had reasonable doubt as it related to the age of the victim, and what T.L. told appellant. She stated the jurors discussed the fact that appellant did not testify, and one of the jurors said they should not consider that. She concluded by saying she voted guilty, but still had reasonable doubt.

Rule 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

* Senior Justices Ross A. Sears, Joe L. Draughn, and D. Camille Hutson–Dunn sitting by as-    signment.

TEX.R. EVID. 606(b) (effective March 1, 1998).

▮ Because appellant's trial commenced June 16, 1998, the 1998 amendment to rule 606(b) applies to his case. Appellant first contends rule 606(b) is unconstitutional because it denies him effective assistance of counsel. Appellant argues that his trial counsel could not render effective assistance because he could not use evidence of jury misconduct, even if he found it. Appellant next contends rule 606(b) violates his constitutional rights to due process and due course of law under · the state and federal constitutions. Appellant offers no authority to support these contentions, and has waived error. TEX. R.APP. P. 38.1(h); *Hughes v. State*, 962 S.W.2d 689, 692 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). We overrule appellant's sub-points of error, under point one, contending rule 606(b) is unconstitutional by denying him effective assistance of counsel, and by denying him due process and due course of law. In any case, rule 606(b) has been found to be constitutional under both the state and federal constitutions guaranteeing a fair and impartial jury. *See Hines v. State*, 3 S.W.3d 618, 622–623 (Tex.App.-Texarkana 1999, pet. ref'd); *Sanders v. State*, 1 S.W.3d 885, 888 (Tex.App.-Austin 1999, no pet.h.).

In his third sub-point of error, under point one, appellant contends rule 606(b) conflicts with rule 21.3, Texas Rules of Appellate Procedure. Appellant contends that prior to the new rule, *Buentello v. State*, 826 S.W.2d 610 (Tex.Crim.App.1992) allowed proof by a juror's affidavit of anything that was "relevant to the validity of the verdict." By changing the rule to eliminate anything "relevant ... to ... the verdict," the rule has deprived appellant of a substantive right under rule 21.3, Texas Rules of Appellate Procedure, which allows proof of jury misdirection and jury misconduct as grounds for a new trial. *See* TEX. R.APP. P. 21.3(f) & (g).

The 1998 version of Rule 606(b) apparently wipes out *Buentello*, and all of its progeny. *Sanders*, 1 S.W.3d at 887. Henceforth, the same rule that has applied to offering the testimony or affidavits of jurors in Texas civil cases will apply to criminal cases. *Id. See* CATHLEEN C. HERASIMCHUK, TEXAS RULES OF EVIDENCE HANDBOOK, Rule 606(b), at 558–59 (3d ed.1998).

▮ Appellant argues that we should not apply rule 606(b) as written because to do so would cause the rule to conflict with appellate rule 21.3. Appellant's argument overstates the alleged conflict between appellate rule 21.3 and evidence rule 606(b). *Sanders*, 1 S.W.3d at 887. Rule 606(b) does not purport to redefine juror misconduct, nor does it alter the grounds for obtaining a new trial in criminal cases. *Id.* By generally prohibiting jurors from testifying as to matters and statements occurring during deliberations, rule 606(b) unquestionably makes proving jury misconduct in criminal trials more difficult than it was under prior rules. *Id.* But the rule does not preclude proof of jury misconduct by other means, such as through the testimony of a nonjuror with personal knowledge of the misconduct. *See Mayo v. State*, 708 S.W.2d 854, 856 (Tex.Crim. App.1986) (witness permitted to testify regarding telephone conversation with juror); *Sanders*, 1 S.W.3d at 887.

▮ Rule 606(b) "attempt[s] to strike an appropriate balance between ... the desire to rectify verdicts tainted by irregularities in the deliberative process ... [and] the desire to protect jurors and promote the finality of judgments." *Id.* (citing 1 STEVEN GOODE, OLIN GUY WELLBORN III, & M. MICHAEL SHARLOT, TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 606.2, at 535 (2d ed.1993 & Supp.2000)). The limitation on juror testimony in post-trial proceedings is intended to encourage open discussion among jurors during deliberations, to promote the finality of judgments, and to protect jurors from harassment by unhappy litigants seeking grounds for a new trial. *See id.; and see Tanner v. United*

*States,* 483 U.S. 107, 120–21, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (post-verdict scrutiny of juror conduct disrupts finality of process and undermines full and frank discussion in jury room); *Soliz v. Saenz,* 779 S.W.2d 929, 934 (Tex.App.—Corpus Christi 1989, writ denied) ( rule 606(b) promotes full discussion during deliberations and reduces juror harassment). The district court correctly held that Coleman's affidavit was inadmissible under rule 606(b). Appellant's point of error one is overruled.

In point two, appellant contends the trial court erred in overruling his motion to quash the indictment because section 22.011(a)(2), Texas Penal Code, is unconstitutional in that the State was not required to prove that he knew that the complainant was under seventeen years of age. Appellant argues that section 22.011(a)(2) violates the Fifth Amendment and the Fourteenth Amendments to the United States Constitution, "as depriving him of due process and equal protection." Appellant further asserts that the statute violated his rights as protected by Article I, Sec. 19, of the Texas Constitution.

Appellant does not furnish any argument as to how and why the statute deprives him of due process and equal protection, nor does he furnish argument as to how his rights are further violated under the Texas Constitution. Appellant cites no authority to support his assertions that the statute has somehow violated his state and federal constitutional rights. ` Appellant argues that Judge Baird's dissent in *Johnson v. State,* 967 S.W.2d 848, 854–859 (Tex. Crim.App.1998) establishes his constitutional arguments. In his dissent, Judge Baird argues that criminal responsibility cannot be imposed where the defendant's *mens rea* as to the age of the participant was not a statutory element of the charged crime. *Id.* at 856. We find nothing in Judge Baird's dissent that even mentions due process, equal protection of the laws, or Article I, Sec. 19, of the Texas Constitution.

"[I]t is incumbent upon the defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient." *McFarland v. State,* 928 S.W.2d 482, 521–522 (Tex. Crim.App.1996), *cert. denied,* 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). To adequately brief a constitutional issue appellant must proffer *specific* arguments and authorities supporting his contentions under the constitution. Otherwise his contentions are inadequately briefed. Tex.R.App. P. 38.1(h); *Lawton v. State,* 913 S.W.2d 542, 558 (Tex.Crim.App. 1995), *cert. denied,,* 519 U.S. 826, 117 S.Ct. 88, 136 L.Ed.2d 44 (1996). *Johnson* clearly reestablishes the long-standing rule in Texas that the State is not required to show that the defendant knew the victim to be under the age of seventeen in sexual assault cases. *Johnson,* 967 S.W.2d at 850. We hold appellant has waived his constitutional contentions, and we overrule his point of error two.

In point three, appellant contends the trial court erred by informing the jury panel that appellant had prior convictions. The trial court explained the range of punishment for the offense to the jury panel prior to voir dire. The trial court stated, in pertinent part: "Now, we started out with second degree, with one prior. It goes up to 5 to 99 or life. And someone convicted of any felony with two prior convictions, it goes from 25 years to life." The trial court never mentioned appellant's prior convictions. Appellant did not object to the trial court's instructions. For an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for that objection. *Rhoades v. State,* 934 S.W.2d 113, 119–120 (Tex.Crim.App.1996); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim. App.1990). Because appellant is raising this argument for the first time on appeal, any error is waived. We overrule appellant's point of error three.

In point four, appellant contends his 25–year sentence is unconstitutional under the Eighth Amendment to the United States Constitution. Appellant argues that his punishment was so disproportionate to his crime that it constituted cruel and unusual punishment under the Eighth Amendment. Appellant's sentence was enhanced by his two prior felony convictions under section 12.42(d), Texas Penal Code. The range of punishment for conviction as a habitual felony offender with two prior convictions is 25 to 99 years, or life. The jury assessed the minimum punishment in this case.

■■■ "Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *Diaz–Galvan v. State*, 942 S.W.2d 185, 186 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). In reexamining its *Solem* analysis, the Court held that punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Court emphasized:

> Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions.

*Id.*, 111 S.Ct. at 2707.

■■■ A threshold proportionality analysis requires a comparison of the gravity of the crime with the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *Harmelin*, 111 S.Ct. at 2707 (gross disproportionality). This Court will review a sentence to determine whether it is grossly disproportionate to the crime. *Harmelin*, 111 S.Ct. at 2707. As will be discussed below, we hold that appellant's sentence is not grossly disproportionate to his crime; accordingly, we do not decide what role, if any, the remaining factors play on his disproportionality point of error.

■■■ Appellant's conduct in committing sexual assault on a child under 17 is a second degree felony punishable by 2 to 20 years imprisonment. TEX. PEN.CODE ANN. § 12.33 & 22.011(f) (Vernon 1994 & Supp. 2000). However, appellant's offense was not based upon this conduct alone. Appellant's sentence—in addition to being based upon his having committed a second degree felony—was based upon the habitual criminal provisions of section 12.42(d) of the Texas Penal Code. Under a recidivist statute, a sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Rummel v. Estelle*, 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980); *McGruder*, 954 F.2d at 316. A state with a recidivist statute is not required to treat a defendant as if an offense was his first but is entitled to place upon the defendant "the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." *Rummel*, 445 U.S. at 284, 100 S.Ct. at 1144. "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Rummel*, 445 U.S. at 284, 100 S.Ct. at 1144–45. "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Rummel*, 445 U.S. at 285, 100 S.Ct. at 1145.

Appellant relies upon *Solem* and its progeny for the proposition that his twenty-five-year sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. In *Solem,* the United States Supreme Court held that a judgment, enhanced by a recidivist statute, sentencing a defendant to life imprisonment without parole for the crime of uttering a no-account check for $100 violated the Eighth Amendment. *Solem,* 463 U.S. at 281–84, 103 S.Ct. at 3005. In this case, appellant was not sentenced to life imprisonment, and there is the possibility of parole. TEX. GOV'T CODE ANN. § 508.145 (Vernon 1998 & Supp.2000); *See Smallwood v. State,* 827 S.W.2d 34, 37–38 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

The Supreme Court considers the availability of parole a factor that supports the validity of a sentence. *Solem,* 103 S.Ct. at 3013. For instance, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for a conviction of a third nonviolent felony pursuant to an earlier version of the Texas recidivist statute. *Rummel,* 100 S.Ct. at 1145. The First Court of Appeals, when faced with similar facts and the same argument that are before us, upheld a conviction of fifty years for the shoplifting of meat worth less than thirty dollars for a defendant with nine prior felony convictions. *Smallwood,* 827 S.W.2d at 35. *See also Lackey v. State,* 881 S.W.2d 418, 421–422 (Tex.App.-Dallas 1994, pet. ref'd); *Cantu v. State,* 866 S.W.2d 647, 648–649, (Tex.App.-Houston [14th Dist] 1993, no pet.). Appellant has three felony convictions and has been sentenced to twenty-five years with the possibility of parole. We do not find his punishment disproportionate to the offense he committed. Appellant's fourth point of error is overruled.

We affirm the judgment of the trial court.