NO. 12-01-00203-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RONALD MOORE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Ronald Moore ("Appellant") pleaded guilty to state jail felony possession of a controlled
substance. Because Appellant had previously been convicted of two felonies, the possible range of
punishment was twenty years of confinement and a $10,000.00 fine. The jury assessed the
maximum sentence. Appellant contends in one issue that the sentence is disproportionate to his
crime, thereby constituting cruel and unusual punishment. We affirm.


Background


 Appellant was charged by indictment with possession of a controlled substance, cocaine in
an amount less than one gram including any adulterants and dilutants, which is a state jail felony. 
Tex. Health & Safety Code Ann. § 481.115 (a), (b) (Vernon Supp. 2002). The indictment
alleged two prior felony convictions, one for theft and one for burglary of a vehicle, which enhanced
the possible punishment range to that of a second degree felony. Tex. Pen. Code Ann. § 12.42(a)(2)
(Vernon Supp. 2002). As a result, Appellant was subject to a possible twenty years of confinement
and a possible fine not to exceed $10,000.00. Tex. Pen. Code Ann. § 12.33 (Vernon 1994).

 After Appellant pleaded guilty to the charge in the indictment, the trial court assessed
punishment at thirteen years of confinement and a $5,000.00 fine. Appellant did not accept the
sentence and elected to proceed with a jury trial. After the jury was empaneled, Appellant pleaded
guilty to the primary charge and true to the enhancement paragraphs. The jury determined his
punishment and assessed the maximum sentence.


Cruel and Unusual Punishment


 Appellant contends that his sentence constitutes cruel and unusual punishment under the
Eighth Amendment of the United States Constitution and article I, section 13 of the Texas
Constitution. Specifically, he argues that his sentence is disproportionate to the offense committed.

 In our review of the record, we find nothing to indicate that Appellant objected in the trial
court that the sentence assessed by the jury constituted cruel and unusual punishment. (1) Therefore,
Appellant has waived that issue on appeal. Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996)(failure to object on grounds of cruel and unusual punishment waives claim that sentence
violates prohibition in Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995)(failure to make specific objection at trial waives Eighth Amendment claim of cruel and
unusual punishment). Even in the absence of waiver, however, we find that Appellant's sentence
did not constitute cruel or unusual punishment under either the federal or state constitutions.

 Texas courts have traditionally held that as long as the punishment is within the range
prescribed by the Legislature in a valid statute, the punishment is not excessive. See, e.g., Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Because Appellant's sentence was within
the prescribed range for a second degree felony, his contention that his sentence violates the Texas
Constitution is without merit. As to his federal claim, however, a prohibition against grossly
disproportionate punishment survives under the Eighth Amendment apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. See, e.g.,
Latham v. State, 20 S.W.3d 63, 68-69 (Tex. App.--Texarkana 2000, pet. ref'd); Hicks v. State, 15
S.W.3d 626, 632 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). 

 In conducting a proportionality analysis under the Eighth Amendment, we consider such
factors as (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed
on other offenders in the same jurisdiction; and (3) the sentences imposed for commission of the
same offense in other jurisdictions. Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed.
2d 637 (1983). Only if we infer that the sentence is grossly disproportionate to the offense will we
consider the remaining factors identified in Solem. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, 113 S. Ct. 146 (1992).

 In determining whether Appellant's sentence is grossly disproportionate to his offense, we
are guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382
(1980). (2) In Rummel, the Supreme Court addressed the proportionality claim of an appellant who
had received a mandatory life sentence under a prior version of the Texas habitual offender statute
after a conviction for obtaining $120.75 by false pretenses. The life sentence was imposed because
the appellant also had two prior felony convictions, one for fraudulent use of a credit card to obtain
$80 worth of goods or services and another for passing a forged check in the amount of $28.36. 
After recognizing the legislative prerogative to classify offenses as felonies and considering the
purpose of the habitual offender statute, the Court determined that the appellant's mandatory life
sentence did not constitute cruel and unusual punishment.

 When we consider the Appellant's offense and sentence in light of the holding in Rummel,
the distinction between the two cases is clear. Appellant's offenses--theft, burglary of a vehicle, and
possession of a controlled substance (cocaine)--were more severe than those in Rummel, while
Appellant's twenty-year sentence is much less severe than the life sentence upheld by the Supreme
Court. If the sentence in Rummel was not unconstitutionally disproportionate, neither is the
sentence assessed against Appellant. Accordingly, we overrule Appellant's sole issue and affirm
the judgment of the trial court.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

(DO NOT PUBLISH)
1. As a prerequisite to presenting a complaint for appellate review, the record must show that an appellant made
a timely, specific objection to the trial court and obtained an adverse ruling. Tex. R. App. P. 33.1.
2. The Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a proportionality review. 
 McGruder, 954 F.2d at 317.