**Roy Dale GLOVER, Appellant.**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–01–227–CR.**

Court of Appeals of Texas,
Waco.

June 11, 2003.

David S. Barron, Bryan, for appellant.

Tuck Moody McLain, Grimes County Dist. Atty., Anderson, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

This appeal involves the constitutionality of Rule 606(b) of the Texas Rules of Evidence "as applied" to Roy Glover.

Glover was sentenced to a term of life in prison after a jury convicted him of capital murder, which was committed during a robbery.[1] His defense was that, although he intentionally strangled the victim with a rope and hit him with a pipe, and knew he might thereby cause the death of the victim, he did not intend to kill the victim. Capital murder requires an "intentional" act, and absent that, a "knowing" act can result in a conviction of only regular murder. TEX. PEN.CODE ANN. §§ 19.02(b)(1), (c), 19.03(a)(2), (b) (Vernon 2003). The significance of this difference is that capital murder carries an automatic sentence of life in prison (or death), but regular murder carries a sentence of five to ninety-nine years in prison or life. TEX. PEN. CODE ANN. §§ 12.31(a), 12.32(a) (Vernon 2003). The jury charge here contained these alternatives. Furthermore, in regular murder the defendant may raise, during the punishment phase, the issue of "sudden passion" which, if found by the jury, can reduce the crime to a second-degree offense punishable by two to twenty years in prison. TEX. PEN.CODE ANN. §§ 12.33(a), 19.02(d) (Vernon 2003). But because the jury found Glover guilty of capital murder, there was an automatic sentence of life without the opportunity for a punishment phase to consider lesser punishments.

After verdict, Glover filed a motion for new trial in which he alleged, *inter alia*, jury misconduct and, based thereon, a verdict which was not unanimous. The motion was supported by the affidavit of Glover's trial counsel describing a conversation he had with juror Barbara Saye, who, during jury deliberations over three days, was the "hold-out" against conviction. At the hearing on the motion, Glover called Saye. The State objected that, under Rule of Evidence 606(b), Saye could not testify about jury deliberations. The trial court sustained the objection but allowed Saye to testify as an offer of proof. Saye testified that, during deliberations, jurors had discussed their mistaken belief that Glover could be convicted of capital murder under a theory of either an "intentional" act or a "knowing" act. She testified that, based on her mistaken belief about the necessary mental state, a belief formed during jury deliberations, she voted "guilty" when in fact she was not convinced beyond a reasonable doubt that Glover committed the murder "intentionally." The trial court denied the motion for new trial.

On appeal, the parties do not address whether Saye's testimony, if admissible, proves jury misconduct and supports a new trial. TEX.R.APP. P. 21.3(g) (new trial must be granted "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial"). Rather, the sole issue is whether Rule 606(b), as applied in this case, is unconstitutional. The Rule states:

(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the ver-

---

1. The State waived the death penalty.

dict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

TEX.R. EVID. 606(b). In 1998, the Rule was amended when the civil and criminal rules of evidence were consolidated. *Sanders v. State*, 1 S.W.3d 885, 887 (Tex.App.-Austin 1999, no pet.). The amendment deleted that part of the criminal rule which allowed jurors to testify about anything relevant to the validity of the verdict or indictment. *Id.; Hicks v. State*, 15 S.W.3d 626, 630 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (consolidation overturned *Buentello v. State*, 826 S.W.2d 610 (Tex.Crim. App.1992) and its progeny); *Hines v. State*, 3 S.W.3d 618, 621 (Tex.App.-Texarkana 1999, pet. ref'd).

■ Glover asserts that the application of Rule 606(b), which prevented the trial court from considering Saye's testimony, violates his constitutional due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. U.S. CONST. amends. V, XIV. His is an "as applied" challenge, not a facial challenge. An "as applied" challenge asserts that, as applied to the defendant in his situation, the statute is unconstitutional. *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim.App.1989); *Legere v. State*, 82 S.W.3d 105, 111 (Tex.App.-San Antonio 2002, pet. ref'd). By contrast, a facial challenge to the constitutionality of a statute asserts that there is no set of circumstances under which the statute would be constitutional. *Briggs v. State*, 789 S.W.2d 918, 923 (Tex.Crim.App.1990); *Legere*, 82 S.W.3d at 111; *Frieling v. State*, 67

S.W.3d 462, 473 (Tex.App.-Austin 2002, pet. ref'd).

■ The Court of Criminal Appeals has not squarely addressed the issue of the constitutionality of Rule 606(b). But recently, in *State ex rel. Rosenthal v. Poe,* the Court discussed the Rule tangentially in a case deciding whether jury deliberations in a capital murder trial may be videotaped and shown on television. *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194 (Tex.Crim.App.2003). *Poe* was decided under article 36.22 of the Code of Criminal Procedure: "No person shall be permitted to be with a jury while it is deliberating. ..." TEX.CODE CRIM. PROC. ANN. art. 36.22 (Vernon 1981); *Poe,* 98 S.W.3d at 200. In its analysis, the Court discussed the confidentially that traditionally has been integral to jury deliberations. *Poe,* 98 S.W.3d at 201–02. The purpose of preserving the confidentiality of jury deliberations is to ensure that no outside influence and pressure is brought to bear on the jury so that deliberations may be free, independent, and frank. *Id.* The Court noted that one of the traditional rules that ensure this confidentiality, which has been codified in Rule 606(b), is that a juror cannot impeach his own verdict. *Id.* at 202 n. 12 (citing *McDonald v. Pless,* 238 U.S. 264, 35 S.Ct. 783, 785, 59 L.Ed. 1300 (1915)). This rule is based on a choice between the lesser of two evils: the injury which may occur to the defendant if jury misconduct goes undetected or unredressed versus the injury to the public if all verdicts could be attacked by endless inquiry into the jury's deliberative process and by harassment of individual jurors, thereby destroying the frankness and freedom necessary to a jury's deliberation. *Id.*

Although the Court of Criminal Appeals has not directly decided the issue, our courts of appeals have upheld Rule 606(b)'s constitutionality under Texas and federal constitutional provisions. *E.g. Richardson*

*v. State*, 83 S.W.3d 332, 362 (Tex.App.-Corpus Christi 2002, no pet.) (citing *Hines* and *Sanders*); *Hicks*, 15 S.W.3d at 630 (citing *Hines* and *Sanders*); *Hines*, 3 S.W.3d at 622 (right to fair trial); *Sanders*, 1 S.W.3d at 888 (right to fair and impartial jury trial under U.S. CONST. amend. VI and TEX. CONST. art. I, § 15).[2]

In a civil-law context, the Texas Supreme Court upheld the constitutionality of Rule 606(b), as well as its companion Rule of Civil Procedure 327(b),[3] in *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362 (Tex.2000); TEX.R. CIV. P. 327(b).[4] The Court explained that the jury deliberations to which Rules 606(b) and 327(b) pertain occur in that part of the trial when the jury formally weighs the evidence to arrive at a verdict. *Id.* at 371. The Court pointed out that neither rule prohibits *non*-juror testimony about alleged misconduct during deliberations. *Id.* at 369. Also, both rules allow jurors to testify about matters which do not involve delving into jury deliberations, such as evidence of "outside influences." *Id.* at 370–71 (discussion of improper matters during deliberations, or juror's display of bias during deliberations, not "outside influences"). And these two rules do not prohibit juror testimony before deliberations about alleged misconduct during trial. *Id.* at 375. But public policy demands that jury deliberations be kept private, because: (1) jurors must be encouraged to candidly discuss the case during deliberations; (2) jurors must be protected from post-trial harassment and tampering; (3)

.disgruntled jurors must be denied an avenue for overturning the verdict; and (4) there is a need for finality in litigation. *Id.* at 367. Based on these policy considerations, the Court found that these two rules do not violate federal due process or the right to a fair and impartial trial under the Texas Constitution. *Id.* at 374–75.

In a criminal case, the United States Supreme Court has rejected a claim under the Sixth Amendment right to a fair jury trial that Federal Rule 606(b), the federal counterpart to Texas Rule 606(b), is unconstitutional.[5] *Tanner v. United States*, 483 U.S. 107, 127, 107 S.Ct. 2739, 2751, 97 L.Ed.2d 90 (1987); FED. R. EVID. 606(b). And the Fifth Circuit has held that Federal Rule 606(b) does not violate a civil defendant's due process right to a fair and impartial jury.[6] *Maldonado v. Missouri Pacific Ry. Co.*, 798 F.2d 764, 770 (5th Cir.1986). The *Maldonado* court stated that the Rule (a) protects the jury's right to privacy and from harassment and (b) encourages free discussion in the jury room. *Id.*

Following the holdings in these cases, and for the same public policy reasons, we hold that application of Rule 606(b) did not violate Glover's constitutional rights to due process under the Fifth and Fourteenth Amendments. Accordingly, we overrule his complaint and affirm the judgment.

---

2. Cases in this area frequently do not state expressly whether the challenge to constitutionality was "facial" or "as applied." As to these cases, *Richardson* is an "as applied" case, but it is unclear what type of challenge was made in *Hicks, Hines,* and *Sanders*.

3. These appear to have been "facial" challenges.

4. The earliest version of Rule 327 was adopted in 1941. *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 367 (Tex.2000). The earliest version of Rule 606(b) was adopted in 1983. *Id.* at 368.

5. It is unclear whether this was a "facial" or an "as applied" challenge.

6. This appears to have been a "facial" challenge.