NO. 12-02-00252-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


FRANCISCO JAVIER GUERRERO,
§
 APPEAL FROM THE 124TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 Francisco J. Guerrero ("Appellant") appeals the trial court's sentence imposed following the
revocation of his deferred adjudication probation. Appellant raises two issues on appeal. We affirm.


Background

 Appellant was indicted for murder. Pursuant to a plea bargain, Appellant pleaded guilty as
charged. The trial court deferred adjudicating Appellant guilty and sentenced Appellant to probation
for ten years. Subsequently, the State filed a motion to revoke Appellant's probation and proceed to
final adjudication, arguing that Appellant had violated the terms of his probation by driving while
intoxicated. Following a hearing, the trial court found the allegations in the State's motion to be true,
revoked Appellant's probation, proceeded to adjudicate Appellant guilty of murder, and sentenced him
to imprisonment for life.


Requisites of Briefs

 In issues one and two, Appellant argues that (1) his sentence was excessive because (a) the
evidence did not justify a life sentence and (b) Texas jurisprudence lacks a consistent punishment
standard; and that (2) the State urged the trial court to consider evidence outside of the record. The
appellant's brief must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record. See Tex. R. App. P. 38.1(h). Moreover, in order to adequately
brief a constitutional issue, the appellant must proffer specific arguments and authorities supporting his
contentions under the constitution. See Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App.1995);
Narvaiz v. State, 840 S.W.2d 415, 430 (Tex. Crim. App. 1992); Robinson v. State, 851 S.W.2d 216,
222 n. 4 (Tex. Crim. App. 1991); Morehead v. State, 807 S.W.2d 577, 579 n. 1 (Tex. Crim. App.1991);
Hicks v. State, 15 S.W.3d 626, 631 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd.). Otherwise his
contentions are inadequately briefed. Id. Failure to adequately brief an issue results in waiver. See
Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003).

 In the case at hand, Appellant fails to cite any authority to support his contentions related to
either of his issues. With respect to his first issue, Appellant argues that "Due Process and Equal
Protection guarantees of the U.S. Constitution are surely offended here" and that "this sequence of
adjudication and disposition[,] with virtually unfettered and unguided discretion by the trial court on
both the adjudication of guilt and the punishment assessed[,] violates Equal Protection and Due Process
provisions of the U.S. Constitution and the Due Course of Law provisions of the Texas Constitution." 
However, Appellant fails to proffer any authorities supporting his constitutional contentions. (1) As such,
we hold that Appellant by failing to adequately brief issues one and two, has waived these issues on
appeal. Appellant's issues one and two are overruled.


Conclusion

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice

Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)
1. Even had Appellant cited authority, the result would not change. We note that Appellant made no objection to
the trial court raising issues of due process and equal protection and has, therefore, waived such issues on appeal. 
See Tex. R. App. P. 33.1.