IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1199-06







THE STATE OF TEXAS


V.


JOSE ORDONEZ, Appellee






ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE EIGHTH COURT OF APPEALS

EL PASO COUNTY




 Johnson, J., filed a statement dissenting to the refusal of the petition for
discretionary review.

 

STATEMENT



 After deliberations at appellee's trial, a juror stated, in the presence of the trial judge, the
prosecutors, and defense counsel, that "if the defendant were innocent, he would have testified."
Appellee filed a motion for new trial based on the violation of his right to silence because of the
misconduct of that juror, that is, her consideration of his decision not to testify as a factor in
determining his guilt. At the hearing on that motion, appellee sought to introduce testimony from
his attorney as to the juror's statement. The state objected, citing Rule of Evidence 606(b). The trial
judge stated for the record that he had witnessed the complained-of conduct and that, when the
statement was made, he saw several other jurors nod in agreement. He overruled the state's
objection, allowed the testimony of defense counsel, and then granted the motion for new trial "in
the interest of justice," saying

[t]he record should reflect that on the day this statement was made by the juror, the
Court was present in the jury room with counsel for the State and counsel for the
accused. 

 It was not on the record, but the Court was there in the Court's robe and heard
the statement, and when the statement was made, the Court did see several of the
jurors nodding in the affirmative with regard to the statement the juror made, as if to
agree with the statement.

 The Court is concerned that the statement has not given cause for concern to
the attorneys for the State, who were present, with regard to their oath to ensure that
justice is done.

 The court would have, sua sponte, scheduled this matter for a motion for new
trial hearing if it wasn't for the fact that the attorneys for the Defendant filed one on
behalf of their client. 

 The Court has been troubled by the statement made by the juror, and the
Court has had to deal or battle with the case law that the attorney for the state has
presented with regard to the attacking or questioning of a juror's verdict or thought
process, with the Defendant's right to a fair trial, to the Defendant's right to the
protections of not only the 5th Amendment of the United States Constitution, by the
14th Amendment of the United States Constitution and the Texas Constitution.

 The Court cannot see now the Defendant's 5th Amendment rights were not
violated beyond a reasonable doubt based on the juror's statement, and based on that,
the Court is going to grant the Defendant's motion for a new trial in the interest of
justice.


The trial judge ruled specifically that the motion was granted in the interest of justice because
appellee had not been afforded his right to remain silent at his trial and his right to due process. 

 The current version of Rule 606(b) radically changed long-standing criminal practices.

Rule 606(b) became effective March 1, 1998, with the adoption of the new,
consolidated rules of evidence. The rule represents a significant departure from
previous Texas criminal practice. 

 Former Criminal Rule 606(b) permitted jurors to testify as to anything
relevant to the validity of a verdict or indictment. The former rule thus placed
no independent limitation on a juror's ability to testify. See Buentello v. State,
826 S.W.2d 610 (Tex.Crim.App. 1992). New Rule 606(b) dramatically
restricts a juror's ability to testify. The rule in criminal cases is now the same
as in civil cases: Jurors may testify only as to whether any outside influence
was improperly brought to bear upon a juror or to rebut a claim that a juror was
not qualified to serve.

2A Steven Goode, Olin Guy Wellborn III, & M. Michael Sharlot, Courtroom
Handbook on Evidence, Rule 606(b), at 366 (Texas Practice 1999).

 The 1998 version of Rule 606(b) apparently wipes out Buentello, and all of
its progeny. Henceforth, the same rule that has applied to offering the
testimony or affidavits of jurors in Texas civil cases will apply to criminal
cases . . .. This is a dramatic change in criminal proceedings . . .. The new rule
is a vast improvement over the former Criminal Rule 606(b) which threw open
the door of the jury room too widely, but it remains to be seen whether the
revised Rule 606(b) has closed shut the jury deliberation room too firmly in
criminal cases.

Cathleen C. Herasimchuk, Texas Rules of Evidence Handbook, Rule 606(b), at 558-59 (3d ed. 1998).


Sanders v. State, 1 S.W.3d 885, 887 (Tex. App.-Austin 1999, no pet.).

 It appears to me that the door to the jury room has, in fact, been "closed shut" too firmly, for
once again, Rule 606(b) has denied a defendant due process of law. While the impulse that produced
that rule may be good, the prohibition sometimes results in condonation of improper conduct in the
jury room-conduct that impermissibly affects the verdict. Here it was improper consideration of the
defendant's failure to testify. In another case, it may be a juror using personal experience, to
influence the vote of other jurors based not on the evidence, but on the juror's own emotional
response to a different offense and a different defendant. We should not invade the jury room for
little purpose, but due process demands that there be a way to address blatant jury misconduct. A
trial cannot be fair if jury deliberations are tainted. Rule 606(b) essentially bars any examination of
jury misconduct during deliberations and, in doing so, denies due process to some defendants. The
trial judge in this case recognized that, and so should the Rules of Evidence.

 I respectfully dissent.


Filed: November 1, 2006 

Do not publish