NUMBER 13-03-302-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

JOSE ARANDA,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Jose Aranda, was tried before a jury and convicted on three counts
of injury to a child,


 enhanced by a prior felony conviction. The jury assessed
punishment, to run concurrently, at life imprisonment and a $5,000 fine on count one;
twenty years imprisonment and a $5,000 fine on count two; and twenty years
imprisonment and a $5,000 fine on count three. The trial court has certified that this
case “is not a plea-bargain case, and the defendant has the right of appeal.” See Tex.
R. App. P. 25.2(a)(2). Appellant appeals his conviction by seven points of error. We
affirm.
I. FACTS
            As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. CHARACTER EVIDENCE AND EXTRANEOUS ACTS
         In his first three points of error, appellant contends that the trial court abused
its discretion in admitting, during the guilt/innocence phase of trial, evidence of
appellant’s character and evidence of extraneous crimes, wrongs, or acts. In support
of these contentions, appellant references forty-six such instances, all of which
ocurred during the testimony of Patricia Cole, the mother of appellant’s three children. 
The State asserts that appellant failed to preserve error on these issues and that the
evidence was admissible. However, assuming without deciding that appellant
preserved error, we conclude that there was either no error or error, if any, was
harmless.
         The admissibility of evidence is within the discretion of the trial court and will
not be overturned absent an abuse of discretion. Moses v. State, 105 S.W.3d 622,
627 (Tex. Crim. App. 2003). This standard requires an appellate court to uphold a
trial court’s admissibility decision when that decision is within the zone of reasonable
disagreement. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).
         The evidence complained of by appellant can be grouped into the following
categories: 1) evidence regarding the relationship between appellant and the children’s
mother; 2) evidence regarding the relationship between appellant and the children; 3)
evidence related to the charged offense; and 4) other various acts of appellant. We
will address the admissibility of each category in turn.
         Prior to the testimony of Ms. Cole, the State requested that it be allowed to
present evidence regarding extraneous acts. The evidence, according to the State,
would be used for the purpose of rebutting defensive theories alluded to in defense
counsel’s opening argument wherein defense counsel stated that appellant and Ms.
Cole had a good relationship and that appellant treated the girls like princesses. The
State argued that these statements opened the door to evidence of extraneous acts. 
The trial court determined that the evidence was admissible based on defense
counsel’s representations in his opening statement as well as the testimony of other
witnesses on cross-examination. The challenged evidence, about which appellant now
complains, was then admitted through the testimony of Ms. Cole.
         After reviewing the record, we find that the trial court could have reasonably
decided that defense counsel’s opening statement opened the door to the admission
of extraneous evidence to rebut counsel’s defensive theory that appellant and Ms. Cole
had a good relationship. See Powell, 63 S.W.3d at 438-40. It was therefore
reasonable for the trial court to admit testimony provided by Ms. Cole regarding her
relationship with appellant. Id. at 439. Because the trial court’s decision to admit
evidence of extraneous acts in the first category is within the zone of reasonable
disagreement, there was no abuse of discretion.
         Similarly, evidence regarding the relationship between appellant and his
daughters was also admissible to rebut the defensive theory that he treated them like
princesses. Moreover, evidence of the relationship between appellant and all three of
his children was admissible under article 38.37 of the code of criminal procedure. See
Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2004-2005).


 Therefore, the
trial court did not abuse its discretion in admitting evidence falling within the second
category.
         The third category of evidence includes acts such as appellant selling food
stamps and welfare benefits. We find this evidence to be indivisibly connected to the
charged offense and necessary to the State’s case. See Lockhart v. State, 847
S.W.2d 568, 571 (Tex. Crim. App. 1992). Therefore, the trial court did not abuse its
discretion in admitting this evidence. See id.
         The fourth category includes testimony that the defendant: 1) scared his birth
family; 2) punched out several windshields; 3) was dishonest and a thief; 4) sold
drugs; and 5) sold rented goods. While the State argues that each of these acts was
admissible for various reasons, we find that even if the evidence was deemed
inadmissible, the error would be harmless in light of the other extraneous acts which
were admissible and in light of the overwhelming evidence of appellant’s guilt. See
Thrush v. State, 515 S.W.2d 122, 125-26 (Tex. Crim. App. 1974). Accordingly,
appellant’s first three points of error are overruled. 
III. HEARSAY EVIDENCE
         By his fourth point of error, appellant contends that the trial court abused its
discretion in admitting prejudicial hearsay evidence at the punishment phase of trial. 
Specifically, appellant complains of a gang intelligence form submitted as State’s
Exhibit 79, the testimony of Officer Phillip Wagner concerning the contents of the
form, and Officer Wagner’s testimony regarding appellant’s involvement in a gunfight
and a separate assault. This Court agrees that the trial court erred in admitting the
gang intelligence form into evidence as it constituted “matters observed by police
officers and other law enforcement personnel” and was therefore not admissible as an
exception to the hearsay rule. See Tex. R. Evid. 803(6) (business records exception)
& 803(8)(B) (public records exception which does not include matters observed by
police officers and other law enforcement personnel); Cole v. State, 839 S.W.2d 798,
804-06 (Tex. Crim. App. 1990) (holding that rule 803(6) may not serve as an
alternative route for admissibility of records otherwise barred by the rule 803(8)
exclusion of matters observed by police officers). However, we find this error to be
harmless as the same information contained in State’s Exhibit 79 was subsequently
introduced, without objection, during the testimony of Officer Wagner. See
Chamberlain v. State, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999). Furthermore,
we find no objection in the record as to Officer Wagner’s testimony regarding
appellant’s involvement in a gunfight or an assault. See Tex. R. App. P. 33.1(a)(1)(A)
(as prerequisite to presenting complaint for appellate review, record must show
complaint was made to trial court by timely request, objection or motion that stated
grounds for ruling sought). Thus, possible error, if any, related to the admission of this
testimony has been waived. Appellant’s fourth point of error is overruled.
IV. AUTOPSY PHOTOGRAPHS
         By his fifth point of error, appellant contends that the trial court erred in
admitting into evidence five autopsy photographs of Dylan Aranda. Specifically,
appellant complains that State’s Exhibits thirty-five through thirty-nine were unduly
prejudicial and cumulative. We review a trial court’s decision to admit photographs
into evidence under an abuse of discretion standard. See Wyatt v. State, 23 S.W.3d
18, 29 (Tex. Crim. App. 2000).
         Evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, misleading the jury, by
considerations of undue delay, or needless presentation of cumulative evidence. Tex.
R. Evid. 403. We may consider many factors in determining whether the probative
value of evidence is substantially outweighed by the danger of unfair prejudice
including: the number of exhibits offered, their gruesomeness, their detail, their size,
whether they are in color, whether they are close-up, and whether the body depicted
is clothed or naked. Barnes v. State, 876 S.W.2d 316, 326 (Tex. Crim. App. 1994). 
We, however, are not limited by this list. Id. The availability of other means of proof
and the circumstances unique to each individual case should also be considered. Id.
         The five exhibits complained of are color autopsy photos of Dylan, showing both
the front and back of the body from different angles. Dylan is nude in the pictures. 
The photos depict the injuries suffered by the child and are not unnecessarily gruesome
or cumulative. None of the photos reveal any injuries due to autopsy procedures. See
Hayes v. State, 85 S.W.3d 809, 816 (Tex. Crim. App. 2004) (autopsy photos
generally admissible unless they depict mutilation caused by autopsy itself). The
exhibits were introduced into evidence during the testimony of the medical examiner
and were used to aid him in explaining the cause of Dylan’s death, an issue which was
contested at trial. 
         In light of the photographs and the circumstances in which they were presented,
we find that the danger of unfair prejudice is not substantially outweighed by the
probative value of the photographs. Therefore, we hold that the trial court did not
abuse its discretion in admitting the exhibits. Appellant’s fifth point of error is
overruled.
 
V. DUE PROCESS
         By his sixth point of error, appellant contends he was denied due process of law
when the trial court ruled he could not present evidence that the jury improperly
considered parole during deliberations. Appellant specifically complains that Texas
Rule of Evidence 606(b) is an unconstitutional deprivation of due process under both
the Texas and United States Constitutions. See U.S. Const. amends. V, XIV; Tex.
Const. art. I, § 19; Tex. R. Evid. 606(b). However, Texas courts, including this Court,
have consistently upheld rule 606(b) under both the Texas and federal Constitutions. 
See Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 374-75 (Tex. 2000);
Glover v. State, 110 S.W.3d 549, 552 (Tex. App.–Waco 2003, pet. ref’d); Richardson
v. State, 83 S.W.3d 332, 362 (Tex. App.–Corpus Christi 2002, pet. ref’d); Hines v.
State, 3 S.W.3d 618, 622-23 (Tex. App.–Texarkana 1999, pet. ref’d). Therefore,
appellant’s sixth point of error is overruled. 
VI. INEFFECTIVE ASSISTANCE OF COUNSEL
         In his final point of error, appellant contends he was denied effective assistance
of counsel. Appellant complains of nine instances in which trial counsel’s
representation fell below an objective standard of reasonableness. However, in
applying the test for determining ineffective assistance of counsel as set forth in
Strickland v. Washington, 466 U.S. 668, 687 (1984), we find that the record is silent
as to the reasons counsel failed to act or perform in the manner urged by appellant. 
Accordingly, appellant has not rebutted the presumption that he was adequately
represented and that these actions were part of trial counsel’s sound trial strategy. 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (“Under normal
circumstances, the record on direct appeal will not be sufficient to show that counsel’s
representation was so deficient and so lacking in tactical or strategic decisionmaking
as to overcome the presumption that counsel’s conduct was reasonable and
professional.”). Therefore, we conclude that appellant has not shown how his
attorney’s representation fell below an objective standard of reasonableness. See
Strickland, 466 U.S. at 867. Appellant’s final point of error is overruled.
         We note that although appellant’s attempt at a direct appeal has been
unsuccessful, he is not without a potential remedy. Challenges requiring development
of a record to substantiate a claim, such as ineffective assistance of counsel, may be
raised in an application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App.
2001). 
V. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                                                                                         

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 18th day of November, 2004.