Affirmed and Memorandum Opinion filed March 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00388-CR

___________________

 

JOHNNIE THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 300th District Court

Brazoria County,
Texas



Trial Court Cause No. 53987

 



 

 

MEMORANDUM OPINION

            Appellant entered a guilty plea, without a
recommendation on punishment, to possession of cocaine with intent to deliver.
On March 25, 2008, after reviewing a presentence investigation report, the
trial court sentenced appellant to confinement for ten years in the
Institutional Division of the Texas Department of Criminal Justice. Appellant
filed a timely notice of appeal, and the trial court certified that appellant
has the right to appeal. We affirm.

            Appellant
raises a single issue challenging his sentence as grossly disproportionate to
the crime committed. Specifically, he argues that the sentence assessed by the
trial court violated his freedom from cruel and unusual punishment under the
Federal and Texas Constitutions. U.S. Const. amend. VIII; Tex. Const. art. I, §
13.

            Complaints
regarding violation of these constitutional rights may be waived if not raised
in the trial court. See Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim.
App. 1986) (en banc); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d). To present a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely
objection or motion. Tex. R. App. P. 33.1(a). A complaint that a sentence is
cruel and unusual must be preserved either by objection during the punishment hearing
or by motion for new trial. Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref'd). The record contains no objection to the sentence
during the punishment hearing or in a motion for new trial. Therefore, the
complaint is not preserved for our review. Even if appellant had preserved this
complaint, however, he would not prevail.

            Appellant
pled guilty to possession with intent to deliver a controlled substance,
specifically cocaine, with an aggregate weight of at least one gram but less
than four grams. See Tex. Health & Safety Code Ann. § 481.112(a)
(Vernon 2003). This second degree felony is punishable by a term of confinement
for two to twenty years and a fine of up to $10,000. See id. §
481.112(c); Tex. Penal Code Ann. § 12.33(a) (Vernon 2003). Appellant’s sentence
is within the statutory range.

Appellant acknowledges
that, as a general rule, punishment assessed within the statutory limits is not
excessive, cruel, or unusual punishment. See Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984); Buerger v. State, 60 S.W.3d 358,
365 (Tex. App. —Houston [14th Dist.] 2001, pet. ref’d). Appellant argues,
however, that although a sentence may be within the statutory range, “it may
nevertheless run afoul of the Eighth Amendment prohibition against cruel and
unusual punishment.” Hicks v. State, 15 S.W.3d 626, 632 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d). 

Under the Eighth
Amendment prohibition against cruel and usual punishment, a state criminal
sentence must be proportionate to the crime for which the defendant has been
convicted. Solem v. Helm, 463 U.S.277, 284, 103 S.Ct. 3001, 3006 (1983).[1] The Supreme Court
has set forth objective factors to be considered in reviewing the
proportionality of a sentence under the Eighth Amendment: (1) the gravity of
the offense and the harshness of the penalty; (2) the sentences imposed on
other criminals in the same jurisdiction; and (3) the sentences imposed for
commission of the same crime in other jurisdictions. See id., 463 U.S.
at 290-91, 103 S.Ct. at 3011. Texas courts require as a threshold determination
that the sentence be grossly disproportionate to the crime before addressing
the other elements of the Solem test and comparing the sentence to
similar crimes in the same and different jurisdictions. Culton v. State,
95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Baldridge
v. State, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied). A sentence is grossly disproportionate to the crime only when an
objective comparison of the gravity of the offense against the severity of the
sentence reveals the sentence to be extreme. Harris v. State, 204 S.W.3d
19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d). 

Appellant contends that his
sentence is grossly disproportionate to the severity of the offense for five
reasons: (1) appellant did not commit a violent felony; (2) appellant pled
guilty and never denied his guilt in asking for probation; (3) appellant has a
steady job and pays child support regularly; (4) appellant is a product of an
absent mother and father; and (5) appellant has a substance abuse problem best
addressed through strict supervision by the probation department. We disagree.

In determining whether a
sentence is grossly disproportionate, we consider not only the present offense
but also appellant’s prior criminal history. Buster v. State, 144 S.W.3d
71, 81 (Tex. App.—Tyler 2004, no pet.); Culton, 95 S.W.3d at 403-04. The
trial court considered the presentence investigation report which revealed that
appellant’s criminal history included the possession, manufacture and delivery
of controlled substances, aggravated assault and weapons offenses. Appellant
received probation for two prior drug offenses, but his probation was revoked
and he served time in county jail. At the time of his arrest in this case,
appellant had just been released from an eight-year sentence in prison for
another drug-related conviction. 

There is no fundamental
right to receive probation; it is within the discretion of the trial court to
determine whether an individual defendant is entitled to probation. Speth v.
State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The trial court acted
within its discretion in rejecting probation based on appellant’s prior
criminal history. We conclude appellant’s sentence is not grossly disproportionate.

            We
overrule appellant’s sole issue. The judgment of the trial court is affirmed.

                                                                        PER
CURIAM

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] It is unclear whether the
Eighth Amendment contains a proportionality guarantee after the decision in Harmelin
v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991). Justice Scalia, joined by
Chief Justice Rehnquist, concluded that “the Eighth Amendment contains no
proportionality guarantee.” 501 U.S. at 965, 111 S.Ct. at 2686. Justice
Kennedy, joined by Justices O'Connor and Souter, concluded that the Eighth
Amendment “encompasses a narrow proportionality principle.” 501 U.S. at 997,
111 S.Ct. at 2702 (Kennedy, J., joined by O'Connor & Souter, JJ.,
concurring in part and concurring in judgment). Justice White, joined by
Justices Blackmun and Stevens, found that the Eighth Amendment does include a
“proportionality principle.” 501 U.S. at 1012, 111 S.Ct. at 2710 (White, J.,
joined by Blackmun and Stevens, JJ., dissenting).