**Benito Garcia LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-88-537-CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Discretionary Review Refused (Appellant)
Dec. 20, 1989.

Discretionary Review Refused (State)
Dec. 20, 1989.

Fidencio Guerra, Jr., Joseph A. Connors, III, McAllen, for appellant.

Jose Contreras, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J. and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of delivery by actual transfer of a controlled substance, to wit: cocaine, in an amount greater than 400 grams. Punishment was assessed by the court at confinement for 15 years. By three points of error an appeal is taken. We affirm the judgment of the trial court.

Since appellant's final point of error challenges the sufficiency of the evidence, we consider it first. It is argued under this point that the brick of cocaine weighing in excess of 400 grams was handed to the undercover officer by a third person (i.e. Cano) and that there is no proof that appellant directed, controlled or assisted in the delivery of the 400 grams of cocaine as opposed to the actual delivery earlier by appellant of a baggie containing 13.84 grams of cocaine.

The State's evidence was that an undercover agent, Alfredo Saldana, made contact with appellant and inquired about a purchase of some marihuana. It was agreed that this could be arranged, however, this transaction never went through. Subsequent to this, appellant told Saldana that he could get about half a kilo of cocaine for him and negotiated the price to be paid for the half kilo. After a series of meetings and conversations, appellant produced for Saldana 13.84 grams of cocaine for his inspection and promised to deliver the half kilo. At their final meeting before the arrest was made, appellant asked about the money and Saldana displayed a large sum of money which he had withdrawn from the law enforcement agency where he worked. Saldana asked appellant if he had been able to get in touch with his source. Saldana testified that at that time he (appellant) was looking toward a man sitting on the tailgate of a car across the street. After a short interlude, Saldana observed the man (Cano) who was seated on the tailgate walk into the building where appellant, Saldana

and a Mr. Salinas[1] were waiting and that he had a paper sack in his hand. He handed the sack directly to Saldana and Saldana noted that it contained a brick of what was later determined out to be 516.03 grams of cocaine.

■ When the sufficiency of the evidence is challenged in a criminal prosecution the test requires us, as the reviewing court, to determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). The reviewing court is to look at all the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

The trial court correctly charged that:

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

■ The jury was justified in finding that appellant's conduct in negotiating the sale of the larger amount of cocaine, setting the price and providing the time and place of delivery, made him a party to the delivery by actual transfer of the 516.03 grams of cocaine. Point of error three is overruled.

The first two points of error we consider together. They complain of the trial court's overruling an oral and a written request for a jury charge on the lesser included offense of delivery of cocaine of less than 28 grams.

■ In determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of *only* the lesser offense (emphasis ours). *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981) (on motion for rehearing). Appellant argues under these two points that the evidence shows that appellant handed over the 13.84 grams of cocaine and Cano handed over the 516.03 grams. We have already held that the evidence is sufficient to prove that appellant was a party to the delivery of the larger amount of cocaine.

There is no evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. It was not necessary to charge on the lesser included offense of delivery of the 13.84 grams. Points one and two are overruled and the judgment of the trial court is AFFIRMED.

---

**1.** Salinas, who was an informant working with Saldana, testified and confirmed the matters which occurred in his presence.