ACCEPTED
05-15-00535-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
10/8/2015 2:22:00 PM
LISA MATZ
CLERK

# Fifth Court of Appeals

_____

## NO. 05-15-00535-CR

_____

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
10/8/2015 2:22:00 PM
LISA MATZ
Clerk

## GILBERTO GONZALEZ AGUILAR, Appellant,

## v.

## THE STATE OF TEXAS, Appellee

_____

## APPELLANT'S BRIEF

_____

**Appealed from the 15th District Court
Grayson County, Texas
Trial Cause Number 065226
Hon. James P. Fallon Presiding**

**Submitted by:**

**Gaylon P. Riddels
108 East Houston Street, Suite 200
Sherman, Texas 75090
Telephone: (903) 893-2878
Facsimile: 972-767-1521
SBN: 24065975**

**Attorney for Appellant**

*ORAL ARGUMENT NOT REQUESTED*

## Identities of Parties and Counsel

**Gilberto Gonzalez Aguilar, Appellant**

**Gaylon P. Riddels, Attorney for Appellant on Appeal,** 108 East Houston Street, Suite 200, Sherman, Texas 75090, phone (903) 893-2878, fax (972) 767-1521, email gaylon@riddelslaw.com.

**Gaylon P. Riddels, Attorney for Appellant at Trial,** 108 East Houston Street, Suite 200, Sherman, Texas 75090, phone (903) 893-2878, fax (972) 767-1521, email gaylon@riddelslaw.com.

**State of Texas, Appellee**

**Joe Brown, Grayson County District Attorney, Attorney for the State of Texas,** 200 South Crockett Street, Sherman, Texas 75090, phone (903) 813-4361, fax (903) 892-9933

**Karla Baugh Hackett, Grayson County Assistant District Attorney, Attorney for the State of Texas on Appeal,** 200 South Crockett Street, Sherman, Texas 75090, phone (903) 813-4361, fax (903) 892-9933

**J. Brett Smith, Grayson County Assistant District Attorney, Attorney for Appellee at Trial,** 200 South Crockett Street, Sherman, Texas 75090, phone (903) 813-4361, fax (903) 892-9933

**Laura Wheeler, Grayson County Assistant District Attorney, Attorney for Appellee at Trial,** 200 South Crockett Street, Sherman, Texas 75090, phone (903) 813-4361, fax (903) 892-9933

**Hon. James P. Fallon, Presiding Judge of the 15th District Court,** 200 South Crockett Street, Sherman, Texas 75090, phone (903) 813-4200

## Table of Contents

**Identity of Parties and Counsel** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Table of Contents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Index of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statement of the Case and Jurisdiction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statement Regarding Oral Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Issues Presented** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Facts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Summary of the Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Arguments** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Issue One:** **The trial court erred and abused its discretion in denying Appellant's Motion to Suppress.  That is, Mark Haning did not have reasonable suspicion, probable cause, or exigent circumstances to stop the vehicle driven by Appellant** . . . . . . . . . . . . . . . . . . .12

**Issue Two:** **The trial court erred by denying Appellant's request for a new trial because his sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.** . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Conclusion and Prayer** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Certificate of Service** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Certificate of Compliance with Rule 9.4** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## Index of Authorities

**Cases**                                                               **Page**

*Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985) . . . . . . . . . . . . . 12

*Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) . . . . . . . . . . . . . 12

*Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)(en banc) . . 14

*Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) . . . . . . . . . . . . . 15

*Lathan v. State*, 20 S.W.3d 63, 68-69 (Tex. App.—Texarkana 2000, pet. ref'd) . . 15

*Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14[th] Dist.] 2000, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983) . . . . . 15

*Jones v. State*, 466 S.W.3d 252, 256, 259 (Tex. App. —Houston [1st Dist.] 2015, pet. filed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lopez v. State*, 777 S.W.2d 540, 541 (Tex. App. —Corpus Christi 1989, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Constitutions**

U.S. Const. Amend. VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 14, 15, 17

**Statutes and Rules**

Tex. R. App. P. 26.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

Tex. R. App. P. 25.2(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Tex. R. App. P. 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. R. App. P. 39.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. Trans. Code § 504.945(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

**To the Honorable Justices of the Court of Appeals:**

Gilberto Gonzalez Aguilar, Appellant, submits this Brief in support of his appeal of his judgment of conviction and sentence:

## Statement of the Case and Jurisdiction

This case is an appeal of a judgment of conviction and sentence under Cause Number 065226 from the 15th Judicial District Court of Grayson County, Texas. (CR, 27).[1] Appellant was indicted for Possession with Intent to Deliver a Controlled Substance Listed in Penalty Group 1 in an Amount Equal to or Greater than 400 grams. (CR, 5). The State alleged that on or about November 19, 2014, in Grayson County, Appellant intentionally and knowingly possessed with the intent to deliver 400 grams or more of methamphetamine. (CR, 5).

Prior to trial, Appellant filed a Motion to Suppress asserting that Mark Haning illegally stopped Appellant's vehicle. (CR, 11-12). The trial court heard testimony and received evidence on Appellant's Motion to Suppress prior to trial. (RR 2, 5-21; CR, 11-12). The trial court denied Appellant's Motion to Suppress. (RR 2, 21). After the trial court's denial of Appellant's Motion to Suppress, Appellant pled "guilty" to the indicted offense and elected that the jury assess his punishment. (RR 2, 25-35; CR, 14-15, 33-46). After a jury trial on punishment, on April 21, 2015,

---

[1] The Clerk's Record, which is comprised of a single volume, is referenced throughout this Brief as "CR" followed by the page number of the Clerk's Record. The Reporter's Record, which is comprised of four volumes, is referenced throughout the Brief as "RR" followed by the volume number and page number.

Appellant was sentenced by a jury to Life in prison to the Texas Department of Criminal Justice, Institutional Division, and was fined $250,000.00. (RR 3, 28-30; CR, 26-30). On April 22, 2015, Appellant filed a timely notice of appeal, thus perfecting this appeal. (CR, 64); *See* Tex. Rule App. Proc. 26.2(a). The trial court signed the Trial Court's Certification of Defendant's Right of Appeal stating that the case is "a plea bargain case but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the [Appellant] has the right of appeal." (CR, 52); *See* Tex. Rule App. Proc. 25.2(a)(2). As a result, this Court has jurisdiction over this appeal.

## **Statement Regarding Oral Argument**

Pursuant to Texas Rules of Appellate Procedure 39.1 and 39.2, Appellant does not request oral argument before this Court of Appeals. See Tex. Rule App. Proc. 39.1 & 39.2. Although this is a meritorious appeal of a criminal case, Appellant believes that the facts and legal arguments are adequately presented in this Brief and in the record on appeal. Appellant also believes that the decisional process of the Court of Appeals will not be significantly aided by oral argument. As a result, Appellant does not request oral argument and asks that the issues presented in this Brief be considered by this Court of Appeals by submission only.

## Issues Presented

**Issue One: The trial court erred and abused its discretion in denying Appellant's Motion to Suppress.  That is, Mark Haning did not have reasonable suspicion, probable cause, or exigent circumstances to stop the vehicle driven by Appellant.**

**Issue Two: The trial court erred by denying Appellant's request for a new trial because his sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.**

## Facts

### Pretrial hearing on Appellant's Motion to Suppress

Prior to voir dire commencing, the trial court heard Appellant's Motion to Suppress (RR2, 5-21). Appellant claimed that Mark Haning illegally stopped the vehicle driven by Appellant, i.e., Mark Haning's stop was made without reasonable suspicion, probable cause, or exigent circumstances. (CR, 11-12). Mr. Haning claimed that he witnessed a blue Nissan passenger car traveling northbound on highway 75 in Sherman, Texas and that the vehicle's rear license plate was not properly secured. (RR 2, 8). Mark Haning claimed that his stop was justified because the vehicle's rear license plate was "flapping up" and violated section 504.945(a)(7) of the Texas Transportation Code. (RR 2, 13, 18). Appellant argued that the rear license plate of the vehicle was properly secured and that Appellant did not violate section 504.945(a)(7) of the Texas Transportation Code. (RR 2, 17-20). After both sides rested, the trial court denied Appellant's Motion to Suppress. (RR 2, 21).

After the trial court's denial of Appellant's Motion to Suppress, Appellant pled guilty to the indicted offense and proceeded to a jury trial for punishment purposes only. (RR 2, 25-35; CR, 14-15, 33-46). After the State and Appellant rested and closed, the jury assessed Appellant's punishment at Life in prison to the

Texas Department of Criminal Justice, Institutional Division, and a fine of $250,000.00. (RR 3, 28-30; CR, 26-30).

## Summary of the Arguments

Appellant presents the following arguments in this Brief: First, Appellant will show that the trial court erred and abused its discretion by denying Appellant's Motion to Suppress because Mark Haning did not have reasonable suspicion, probable cause, or exigent circumstances to stop the vehicle driven by Appellant. Second, the trial court erred by denying Appellant's request for a new trial because Appellant's sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

As to Issue One, Appellant will ask this Court to reverse the judgment of conviction and sentence for Possession with Intent to Deliver a Controlled Substance Listed in Penalty Group 1 in an Amount Equal to or Greater than 400 grams and remand this case back to the trial court for a new trial, and specifically order that Appellant's Motion to Suppress is granted. As to Issue Two, Appellant will ask this Court to reverse the judgment upholding a Life sentence and a $250,000.00 fine and remand this case back to the trial court for a new trial.

**Arguments**

**Issue One: The trial court erred and abused its discretion in denying Appellant's Motion to Suppress. That is, Mark Haning did not have reasonable suspicion, probable cause, or exigent circumstances to stop the vehicle driven by Appellant.**

**Introduction**

In this Issue, Appellant will begin by discussing the standard of review for this Court and then discuss how the trial court erred and abused its discretion in denying Appellant's Motion to Suppress.

**Standard of review is the abuse of discretion standard**

A reviewing court should review a trial court's denial of a motion to suppress for an abuse of discretion. *See Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). A reviewing court does not engage in its own factual review; it determines only whether the record supports the trial court's ruling and whether the trial court properly applied the law to the facts. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

**This issue is preserved for appellate review**

Appellant's Notice of Appeal was timely filed; therefore, this Court has jurisdiction to review the pretrial order. *See* Tex. Rule App. Proc. 26.2(a).

> **The trial court erred and abused its discretion in denying Appellant's Motion to Suppress. That is, Mark Haning did not have reasonable suspicion, probable cause, or exigent circumstances to stop the vehicle driven by Appellant**

12

Here, Mark Haning testified that he stopped Appellant's vehicle because Appellant violated section 504.945(a)(7) of the Texas Transportation Code. (RR 2, 18-20). Section 504.945(a)(7) provides the following:

> "A person commits an offense if the person attaches to or displays on a motor vehicle a license plate that:…(7) has a coating, covering, protective substance, or other material that: (A) distorts angular visibility or detectability; (B) alters or obscures one-half or more of the name of the state in which the vehicle is registered; or (C) alters or obscures the letters or numbers of the license plate number or the color of the plate."

Tex. Trans. Code § 504.945(a)(7). The license plate on the vehicle driven by Appellant was a buyer's tag that was attached to the rear of the vehicle in a visible location. (RR 2, 17). Additionally, the license plate is attached in two separate locations at the top of the license plate. *Id.* However, due to wind and the fact that the license plate was not attached to the vehicle on the bottom portion of the license plate, the license plate was raised and/or flapping in the wind. (RR 2, 17). Here, there is no evidence that a coating, covering, protective substance, or other material actually distorted the angular visibility or detectability of the license plate. Per Mark Haning, the wind raised the license plate so that a portion of it was not legible. (RR 2, 17-20). Mark Haning unreasonably relies upon Appellant's alleged violation of section 504.945(a)(7) of the Texas Transportation Code in effectuating his pretextual traffic stop of Appellant. Moreover, Mark Haning did not have probable cause or

exigent circumstances to stop the vehicle driven by Appellant. Therefore, the trial court abuse its discretion in denying Appellant's Motion to Suppress.

## Conclusion

The trial court erred and abused its discretion by denying Appellant's Motion to Suppress. Appellant thus asks this Court of Appeals to reverse the judgment of conviction and sentence and remand this case back to the trial court for a new trial, and order that Appellant's Motion to Suppress be granted.

**Issue Two: The trial court erred by denying Appellant's request for a new trial because his sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.**

## Standard of review is the abuse of discretion standard

A reviewing court should apply the *de novo* standard of review to the question concerning cruel and unusual punishment, i.e., if the trial court's sentence was proper under that standard, then the trial court did not abuse its discretion in assessing the sentence. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)(en banc).

## This issue is preserved for appellate review

Appellant's Notice of Appeal was timely filed, and Appellant raised his cruel and unusual punishment claim by filing his Motion for New Trial on April 22, 2015. (CR 56-58). Moreover, Appellant's counsel argued at the hearing on Appellant's Motion for New Trial that Appellant's sentence was excessive.

The trial court erred by denying Appellant's request for a new trial because his sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution

Here, Appellant's life sentence and fine of $250,000.00 constitutes cruel and unusual punishment. Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive. *See e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Appellant's sentence is within a prescribed range for a first degree felony of such nature; therefore, Appellant's sentence does not violate the Texas constitution. However, Appellant has a federal claim for prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See Lathan v. State*, 20 S.W.3d 63, 68-69 (Tex. App.—Texarkana 2000, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Under a proportionality analysis under the Eighth Amendment, the Court considers the following factors: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other offenders in the same jurisdiction; and (3) the sentences imposed for commission of the same offense in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983).

Here, a life sentence for possession of 2,969.46 grams of methamphetamine is too harsh for the gravity of the offense. That is, Appellant possessed a certain illegal drug with the intent to deliver the same. Appellant was never before convicted of a felony in the State of Texas or in any other state in the United States; however, Appellant received a life sentence in a case wherein some persons receive 15 years in prison. For example in *Jones v. State*, the Defendant was convicted of possession with the intent to deliver or manufacture phencyclidine (PCP) in an amount greater than 400 grams and sentenced to 65 years in prison. *Jones v State*, 466 S.W.3d 252, 256, 259 (Tex. App.—Houston [1st Dist.] 2015, pet. filed). However, in *Jones v. State*, the defendant had multiple prior felony convictions including a conviction for possession of a controlled substance with intent to deliver. *Id.* at 256. In *Lopez v. State*, the defendant was convicted of delivery by actual transfer of cocaine in an amount greater than 400 grams, and the defendant was sentenced to 15 years in prison. *Lopez v. State*, 777 S.W.2d 540, 541 (Tex. App.—Corpus Christi 1989, pet. ref'd). Despite being convicted of a similar charge, the defendant in *Lopez* received a sentence of 15 years. Therefore, Appellant's sentence of Life in prison is wholly inconsistent with (1) the sentences imposed on other offenders in the same jurisdiction and (2) the sentences imposed for the commission of the same offense in other jurisdictions.

Therefore, Appellant's life sentence and fine of $250,000.00 constitutes cruel and unusual punishment.

## Conclusion

The trial court erred by denying Appellant's request for a new trial because his sentence is disproportionate and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## Conclusion and Prayer

For the above reasons, Appellant respectfully prays that upon appellate review, this Court of Appeals reverse the judgment of conviction and sentence and remand this case back to the trial court for a new trial.

Respectfully submitted,

Gaylon P. Riddels Law Firm, P.C.
108 East Houston, Suite 200
Sherman, Texas 75090
Phone: 903-893-2878
Fax: 972-767-1521
admin@riddelslaw.com

*/s/ Gaylon P. Riddels*

_____
By: Gaylon P. Riddels
Attorney for Appellant
State Bar No. 24065975

## Certificate of Service

This is to certify that on October 8, 2015, a true and correct copy of the above and foregoing document was served on Karla Baugh Hackett of the Grayson County District Attorney, Appellate Division, 200 South Crockett Street, Sherman, Texas 75090, phone by facsimile to (903) 892-9933.

*/s/ Gaylon P. Riddels*

_____

Gaylon P. Riddels

## Certificate of Compliance with Rule 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type-volume limitations because it is computer-generated and does not exceed 15,000.00 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 1788 words in the entire document except in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Gaylon P. Riddels*

_____

Gaylon P. Riddels