

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00088-CR

KENNETH LOUIS HUTTO A/K/A KENNETH LEWIS HUTTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 5393, Honorable Stuart Messer, Presiding

October 11, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Kenneth Louis Hutto a/k/a Kenneth Lewis Hutto appeals from the trial court's order adjudicating him guilty of the offense of possession of a controlled substance,[1] revoking his deferred adjudication community supervision and sentencing him to a term of eighteen years of imprisonment. Appellant challenges the order through two issues. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017).

Background

In November 2013, appellant pled guilty to possession of a controlled substance, enhanced by a previous felony conviction. The written plea admonishments stated he was subject to the range of punishment for a first-degree felony. Appellant was placed on deferred adjudication community supervision for a period of eight years. His community supervision was subject to certain terms and conditions. The order of deferred adjudication stated appellant's offense was a first-degree felony offense.

In August 2016, the State filed a motion to adjudicate appellant's guilt, alleging appellant violated several of the terms of his community supervision. The court held a hearing on the motion in March 2017. At the outset of that hearing, the trial court admonished appellant that if it found appellant violated even one of the State's allegations, appellant would be subject to the full range of punishment for a first-degree felony offense of up to 99 years or life in prison and up to a $10,000 fine. Appellant indicated he understood the allegations against him and the possible punishment range. After the allegations were read in open court, the trial court again confirmed with appellant that he understood he was subject to the full range of punishment for a first-degree felony offense. Appellant then pled "true" to each of the alleged violations read in open court.[2]

During a recess from the hearing, the parties determined that the 2003 conviction used to enhance the punishment range of appellant's offense to that of a first-degree felony was in fact a state-jail felony rather than a third-degree felony. Therefore, his original 2013 plea should have referred to a second-degree felony rather than a first-

---

[2] The parties agreed to waive several other allegations.

degree. TEX. PENAL CODE ANN. § 12.42(b) (West 2018). The trial court then asked whether its admonishment to appellant as to the applicable punishment range for a first-degree felony affected the voluntariness of his plea. The State argued that it did not, and that the corrected punishment range was actually beneficial to appellant. The court agreed, and counsel for appellant also agreed. Counsel then requested that appellant be sentenced to attend a program in a substance abuse facility, particularly in light of the fact the offense was punishable as a second-degree felony rather than a first-degree.

Counsel spoke with appellant and the court then addressed appellant to explain the change from the first-degree to the second-degree punishment range. The court said, "[a]fter your testimony, a little further checking was done, and the enhancement provision that was part of the Case Number 5393 was not a good enhancement provision, which means that you would be subject, at this time, up to 20 years with a minimum of two and, again, a fine not to exceed $10,000. Do you understand that, sir?" Appellant answered, "Yes, sir, I do." The hearing proceeded, and the court adjudicated appellant guilty and sentenced him to serve a term of eighteen years of imprisonment.

Thereafter, appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

## Analysis

### Admonishment of Punishment Range

In the first of his two issues, appellant contends the trial court committed reversible error by abusing its discretion when it incorrectly admonished him at the outset of the adjudication hearing. In his argument supporting his first issue, appellant makes

reference to the requirement of article 26.13(a) of the Code of Criminal Procedure that, prior to accepting a plea of guilty, a trial court shall admonish the defendant of the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West 2017). He cites also case law regarding the determination of the voluntariness of a plea of guilty.[3] Although appellant does not expressly contend his original 2013 guilty plea was tainted by the admonishment, now known to have been incorrect, that he was subject to the punishment range for a first-degree felony, we note that we would have no jurisdiction at this stage of the proceedings to review a contention his original plea was rendered involuntary because of the improper punishment-range admonition. *See Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (appellant cannot, in appeal of his adjudication of guilt, raise issues concerning his conviction that could have been raised when his deferred adjudication was first imposed); *Jordan v. State,* 54 S.W.3d 783 (Tex. Crim. App. 2001) (applying rule to involuntary plea claim).

And, for another reason, we find we may not review the complaint appellant expressly now raises, that is, that he pled "true" to the State's allegations he violated the terms of his community supervision without a correct understanding of the range of punishment. He points out his plea of "true" was entered before the trial court advised him of the correct, and lower, second-degree felony punishment range the court actually applied to his sentencing. The record makes clear appellant was made well aware of the inaccuracy of the earlier first-degree admonishment, at a point at which appellant could have raised any objection he had to his pleas of "true" to the State's allegations. If appellant desired to reconsider his pleas, understanding the lesser range he was facing,

---

[3] Appellant cites *Brady v. United States,* 397 U.S. 742 (1970).

the procedure the trial court employed gave him opportunity to say so. The court corrected the erroneous admonishment, inquired into the possibility of its effect on the voluntariness of the plea, and properly admonished appellant.

The rules that govern our review of issues on appeal provide that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, at *338-39 (Tex. Crim. App. 2004) (applying rule). We agree with the State that the issue appellant now raises was not preserved for our review. This case illustrates one of the reasons the law requires complaints raised on appeal to be addressed in the trial court first. *See Martinez v. State*, 91 S.W.3d 331, 335-36 (Tex. Crim. App. 2002) (discussing error-preservation requirements). Had appellant made the trial court aware he wanted to reconsider his pleas of "true" after being correctly admonished, the task readily could have been addressed in the courtroom, saving the judicial system the burden of appeal and retrial. *See id.* at 336. Because he did not do so, we may not address his complaint now. *See Lanum v. State,* 952 S.W.2d 36, 40 (Tex. App.—San Antonio 1997, no pet.) (finding defendant forfeited appellate review when he made no request to withdraw his plea at the time of the revocation hearing or in his motion for new trial).

We resolve appellant's first issue against him.

Sentence

In appellant's second issue, he asserts the trial court committed reversible error when it sentenced him to eighteen years of imprisonment, a term at the top of the

applicable punishment range and one appellant argues is excessive and grossly disproportionate to his crime.

"[T]he Eighth Amendment has been read to preclude a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual." *Hernandez v. State,* No. 07-13-00006-CR, 2014 Tex. App. LEXIS 9347, at *4 (Tex. App.— Amarillo Aug. 21, 2014, no pet.) (mem. op., not designated for publication) (citing *McGruder v. Puckett,* 954 F.2d 313, 315 (5th Cir. 1992) (internal quotation marks omitted)). Accordingly, even a sentence within the statutorily prescribed range may violate the Eighth Amendment. *Id.* The Eighth Amendment proportionality analysis begins with an objective comparison of the gravity of the offense with the severity of the sentence. *Id.* (citations omitted). Only if we are able to infer that the sentence is grossly disproportionate to the offense will we consider the two remaining factors of the applicable analysis. *Id.* (citations omitted). The "Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (citing *Ewing v. California,* 538 U.S. 11, 23 (2003)). The "precise contours of the 'grossly disproportionate' standard are unclear, but it applies in only 'exceedingly rare' and 'extreme' cases." *Id.* (citation omitted). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id.* (citation omitted).

In his brief, appellant argues that while he does have a history of criminal offenses, his history should not be the basis used to determine the sentence for the underlying crime. Rather, he argues, the court should base its sentence on the commission of the 2013 offense, not on appellant's commission of crimes dating back to 1997. Appellant

also argues the court should evaluate the seriousness of the crime as compared to other crimes. He contends that while his current charge, a second-degree possession of controlled substance offense, is indeed serious, it is not as serious as one such as "aggravated assault or reckless injury to a child which would warrant a higher range of punishment."

We cannot accept the argument. In comparing the gravity of the offense with the severity of the imposed sentence, Texas courts have found a "repeat offender's sentence is based not merely on that person's most recent offense but also on the propensies he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Winchester v. State,* 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd) (citing *Hicks v. State,* 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). Therefore, considering whether appellant's sentence is "grossly disproportionate," we consider not only the present offense but his criminal history also. *Id.* (citing *Vrba v. State,* 69 S.W.3d 713, 724 (Tex. App.—Waco 2002, no pet.)).

Appellant's assertions on appeal do not demonstrate that his sentence is grossly disproportionate to his offense. In addition to his initial possession of a controlled substance for which he pled guilty, the record shows appellant violated several conditions of his community supervision. Those violations included two arrests for new offenses and a number of instances of use of controlled substances. The trial court noted that it was basing its punishment on his initial crime as well as appellant's continued commission of crimes while on probation and his refusal of drug treatment while on probation. Because we do not find the crime was disproportionate to the sentence, we need not address the

remaining factors, nor conduct the comparison of appellant's offense with others as appellant urges.

We do not find the imposition of an eighteen-year sentence excessive for appellant's possession of a controlled substance offense. We overrule appellant's second issue.

## Conclusion

Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.